IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SCOTT HINTZ, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:03-CR-131-CC-LTW |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
|    Respondent. | :: | 1:13-CV-2867-CC-LTW |

## **ORDER**

Movant, pro se, filed a motion under 28 U.S.C. § 2255 to vacate the sentence the Court imposed in March 2013 when it revoked Movant's supervised release. (Doc. 636 in 1:03-cr-131-CC-LTW.) The Court earlier denied Movant's motion for reconsideration of the Order revoking his supervised release and denied his motions for judgment and to recuse the undersigned. (Docs. 628, 651.) In his § 2255 motion, Movant repeats his arguments that he had no attorney-client relationship and was denied due process during the revocation proceedings.

Magistrate Judge Walker issued a Report and Recommendation that Movant's § 2255 motion be denied. (Doc. 655 ("R&R").) Judge Walker concluded that Movant procedurally defaulted his claims other than for ineffective assistance of counsel and that the latter claim failed because it referred to attorney Dennis O'Brien, who did not

represent Movant in the revocation proceedings. (*Id.* at 5-7.) Movant filed objections to the R&R. (Doc. 658.)

A district judge must conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). This review takes different forms, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made," 28 U.S.C. § 636(b)(1)(C), while those portions of the R&R for which there is no objection are reviewed only for clear error, *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In his objections to the R&R, Movant takes issue with the Court's view of the evidence presented against him at the revocation hearing. (Doc. 658.) The Court rejected Movant's arguments when he made them in his motion for reconsideration and other post-revocation filings. The Court finds no basis to reverse its earlier rulings and no basis to reverse its decision to revoke Movant's supervised release. Movant has not shown that he was denied due process in the revocation proceedings, even if that claim was not procedurally defaulted by his failure to properly pursue an appeal of the revocation order. Nor has Movant shown that he received ineffective assistance of counsel. The Court finds no error in the R&R.

2

In addition to his R&R objections, Movant also filed a "Judicial Notice and Demand for Motion to Dismiss Without Prejudice," in which he asks that "these civil proceedings, and its related 28 U.S.C. § 2255 proceedings, be dismissed without prejudice immediately." (Doc. 657 at 1.) Movant seeks to dismiss the § 2255 proceedings, which he initiated, "due to previously unknown evidence now revealed in the course of investigations stemming from the public announcement of the U.S. Department of Justice's probe into employees working as officers of this court and resulting affidavits, sworn statements, recorded evidence and other evidence now becoming readily available." (*Id.*) Movant's assertions are frivolous and provide no basis to dismiss his § 2255 motion without prejudice.

For the foregoing reasons, Movant's objections to the R&R [658] are **OVERRULED**. The Court **ADOPTS** the R&R [655] as the opinion of the Court. Movant's § 2255 motion [636] is **DENIED** and a certificate of appealability is **DENIED**.

The Court likewise **DENIES** Movant's Motion to Reconsider [654] and **DENIES as moot** the Motion for Immediate Clarification [664] and Motion for Action Upon 2011 Order [666].

**(SIGNATURE ON FOLLOWING PAGE)**

AO 72A
(Rev.8/82)

**SO ORDERED** this 11th day of March, 2014.

                                                    s/ CLARENCE COOPER
                                                  CLARENCE COOPER
                                                  UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)